Joseph H. Harrington
United States Attorney
Eastern District of Washington
Patrick J. Cashman
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SEP 20 2018

SEAN F. McAVOY, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 2:17-CR-182-TOR-1 |
| vs. | Plea Agreement |
| JAMES T. MCGUIRE, | |
| Defendant. | |

Plaintiff, United States of America, by and through Joseph H. Harrington, United States Attorney for the Eastern District of Washington, and Patrick J. Cashman, Assistant United States Attorney for the Eastern District of Washington, and Defendant James T. McGuire and the Defendant's counsel, Walter Ayers, agree to the following Plea Agreement:

1)   Guilty Plea and Maximum Statutory Penalties:

The Defendant agrees to plead guilty to Count 2 of the Indictment filed on October 17, 2017, charging the Defendant with Possession with Intent to Distribute 50 Grams or More of Actual Methamphetamine, in violation of 21 U.S.C. §841(a)(1), (b)(1)(A)(viii). The Defendant understands that the charge contained in the Indictment is a Class A felony. The Defendant also understands that the maximum statutory penalty for Possession with Intent to Distribute 50 Grams or More of Actual Methamphetamine, in violation of 21 U.S.C. §841(a)(1), (b)(1)(A)(viii), is: not less

*United States v. James T. McGuire* - Plea Agreement - 1

than 10 years nor more than a life term of imprisonment; a fine not to exceed $10,000,000; a term of supervised release of not less than 5 years up to a life term; denial of certain federal benefits; and a $100 special penalty assessment.

The Defendant understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

2) <u>Denial of Federal Benefits:</u>

The Defendant understands that by entering this plea of guilty the Defendant is no longer eligible for assistance under any state program funded under part A of title IV of the Social Security Act (concerning Temporary Assistance for Needy Families) or benefits under the food stamp program or any state program carried out under the Food Stamp Act. 21 U.S.C. §862a. Further, the Court may deny the Defendant's eligibility to any grant, contract, loan, professional license, or commercial license provided by an agency of the United States or by appropriated funds of the United States. 21 U.S.C. §862.

3) <u>The Court is Not a Party to the Agreement:</u>

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. The Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by the Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement.

The Defendant acknowledges that no promises of any type have been made to the Defendant with respect to the sentence the Court will impose in this matter. The Defendant understands that the Court is required to consider the applicable sentencing

guideline range, but may depart upward or downward under the appropriate circumstances.

The Defendant also understands that should the sentencing judge decide not to accept any of the parties' recommendations, that decision is not a basis for withdrawing from this Plea Agreement or a basis for withdrawing this plea of guilty.

4) <u>Waiver of Constitutional Rights</u>:

The Defendant understands that by entering this plea of guilty the Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

a) The right to a jury trial;

b) The right to see, hear and question the witnesses;

c) The right to remain silent at trial;

d) The right to testify at trial; and

e) The right to compel witnesses to testify.

While the Defendant is waiving certain constitutional rights, the Defendant understands the Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if the Defendant cannot afford to hire an attorney. The Defendant also acknowledges that any pretrial motions currently pending before the Court are waived.

5) <u>Elements of the Offense</u>:

The United States and the Defendant agree that in order to convict the Defendant of Possession with Intent to Distribute 50 Grams or More of Actual Methamphetamine, in violation of 21 U.S.C. §841(a)(1), (b)(1)(A)(viii), the United States would have to prove beyond a reasonable doubt the following elements:

> *First*, on or about May 5, 2017, the Defendant, in the Eastern District of Washington, knowingly possessed 50 grams or more of actual methamphetamine, a Schedule II controlled substances; and
>
> *Second*, the Defendant possessed it with the intent to distribute it to another person.

*United States v. James T. McGuire* - Plea Agreement - 3

6) <u>Factual Basis and Statement of Facts:</u>

The United States and the Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

On April 8, 2017, Sergeant Chris Foreman of the Columbia River Drug Task Force ("CRDTF") learned that James McGuire ("McGuire") was arrested the previous evening at the Mill Bay Casino in Manson, Washington on a felony Department of Corrections Escape warrant. During the booking process at the Chelan County Jail, officers located methamphetamine in McGuire's wallet. Sergeant Foreman, using the Chelan County Jail Phone Recording system began listening to McGuire's jail phone calls. Sergeant Foreman determined that between April 8, 2017 and May 4, 2017, McGuire maintained regular contact with the Defendant, David R. Bishop.

While listening to these phone conservations, Sergeant Foreman heard McGuire and Bishop speaking in code, which based on Sergeant Foreman's training and experience was consistent with drug distribution. McGuire and Bishop were heard using terminology such as "clean out," "timesheet," and "accountant." McGuire and Bishop also used numbers, colors, and at one point made up vehicle VIN (Vehicle Identification Numbers) to discuss the type and quantity of controlled substances left over.

Based upon his review of McGuire's jail calls, Sergeant Foreman applied for two search warrants. The first search warrant was executed at Bishop's residence on May 5, 2017. This residence is located in Wenatchee, Washington, which is within the Eastern District of Washington. During the execution of the search warrant, Bishop, post-*Miranda*, informed Sergeant Foreman that he had a silver lock box (as previously

*United States v. James T. McGuire* - Plea Agreement - 4

discussed during jail phone calls) in his vehicle. This lock box contained methamphetamine, heroin, U.S. currency, and a digital scale. Bishop further stated to Sergeant Foreman that he was selling and delivering drugs for McGuire, since approximately late February or early March 2017. Bishop further advised Sergeant Foreman that on or about April 27, 2017 he delivered another lock box to the residence of McGuire's cousin.

Subsequently, Sergeant Foreman requested a search warrant for this residence. Upon execution of the search warrant, officer located the lock box. Contained within the lock box was heroin and methamphetamine. Also located in the box was approximately $17,588.25 in U.S. currency and drug ledgers showing how much individual's owed McGuire.

The parties stipulate for purposes of establishing the elements of this offense that Bishop possessed with the intent to distribute to another person at least 50 grams are actual methamphetamine, a Schedule II controlled substance.

7) <u>The United States Agrees</u>:

a) <u>Dismissal(s)</u>:

At the time of sentencing, the United States agrees to move to dismiss Counts 1 and 3 of the Indictment, which charges the Defendant with:

> Count 1: Conspiracy to Possess with the Intent to Distribute – Methamphetamine and Heroin, in violation of 21 U.S.C. § 846; and
>
> Count 3: Possession with the Intent to Distribute 100 Grams or More of a Mixture or Substance Containing a Detectable Amount of Heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(i), and 18 U.S.C. § 2.

b) <u>Not to File Additional Charges</u>:

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against the Defendant based upon information in its possession at the time of this Plea Agreement and arising out of

*United States v. James T. McGuire* - Plea Agreement - 5

Defendant's conduct involving illegal activity charged in this Indictment, unless the Defendant breaches this Plea Agreement any time before or after sentencing.

c)   Not to File Information for Penalty Enhancement:

The United States agrees not to file an enhanced penalty information to establish the Defendant's prior drug conviction, pursuant to 21 U.S.C. §851.

8)   United States Sentencing Guideline Calculations:

The Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "U.S.S.G.") are applicable to this case and that the Court will determine the Defendant's applicable sentencing guideline range at the time of sentencing.

a)   Base Offense Level:

The United States and the Defendant make no agreement as to the base offense level.

The United States believes that the base offense level for Possession with Intent to Distribute 50 Grams or More of Actual Methamphetamine, in violation of 21 U.S.C. §841(a)(1), (b)(1)(A)(viii) is 30, based on a combined drug quantity that is the equivalent to greater than 1000 kilograms but less than 3,000 kilograms or marijuana. See U.S.S.G. §2D1.1(a)(5), (c)(5).

b)   Specific Offense Characteristics:

The parties make no agreement as to the application of specific offense characteristics.

c)   Role in the Offense :

The parties make no agreement as to the application of role enhancements based upon the Defendant's role in the offense.

d)   Acceptance of Responsibility:

If the Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides

complete and accurate information during the sentencing process; does not commit any obstructive conduct; accepts this Plea Agreement; and enters a plea of guilty no later than September 20, 2018, the United States will move for a three (3) level downward adjustment in the offense level for the Defendant's timely acceptance of responsibility, pursuant to U.S.S.G. §3E1.1(a) and (b).

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, not recommend a three (3) level downward reduction for acceptance of responsibility if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

    d.    Final Adjusted Offense Level

The parties make no agreement as to the final adjusted offense level.

    e)    Criminal History:

The United States and the Defendant understand that the Defendant's criminal history computation is tentative and that ultimately the Defendant's criminal history category will be determined by the Court after review of the Presentence Investigative Report. The United States and the Defendant have made no agreement and make no representations as to the criminal history category, which shall be determined after the Presentence Investigative Report is completed.

    9)    Departures/Variance:

The Defendant intends to request a downward departure or variance from the sentencing guidelines. The United States reserves its right to oppose any downward departure or variance.

    10)    Incarceration:

The United States agrees to recommend that the Court impose a sentence no greater than 120 months incarceration. The Defendant may recommend any legal sentence he deems appropriate.

*United States v. James T. McGuire* - Plea Agreement - 7

11) <u>Criminal Fine</u>:

The United States and the Defendant are free to make whatever recommendation concerning the imposition of a criminal fine that they believe is appropriate.

12) <u>Supervised Release</u>:

The United States and the Defendant agree to recommend that the Court impose a 5 year term of supervised release to include the following special conditions, in addition to the standard conditions of supervised release:

   a) that the Defendant participate and complete such drug testing and drug treatment programs as the Probation Officer directs; and

   b) that the Defendant's person, residence, office, vehicle, and belongings are subject to search at the direction of the Probation Officer based upon a reasonable suspicion that a violation occurred.

13) <u>Mandatory Special Penalty Assessment</u>:

The Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. §3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

14) <u>Payments While Incarcerated</u>:

If the Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, the Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

15) <u>Additional Violations of Law Can Void Plea Agreement</u>:

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, the

*United States v. James T. McGuire* - Plea Agreement - 8

Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

16) <u>Appeal Rights</u>:

In return for the concessions that the United States has made in this Plea Agreement, the Defendant agrees to waive the right to appeal the sentence if the Court imposes a prison term of no longer than one hundred twenty (120) months. Should the Defendant successfully move to withdraw from this Plea Agreement or should the Defendant's conviction on Count 2 of the Indictment be dismissed, set aside, vacated, or reversed, this Plea Agreement shall become null and void; the United States may move to reinstate all counts of Indictment No. 2:17-CR-182-TOR-1; and the United States may prosecute the Defendant on all available charges involving or arising from this investigation. Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack of the conviction or sentence, including, but not limited to, proceedings pursuant to 28 U.S.C. §2255 (writ of habeas corpus).

17) <u>Integration Clause</u>:

The United States and the Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and the Defendant, and no other promises, agreements, or conditions exist between the United States and the Defendant concerning the resolution of the case. This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities. The United States and the Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and the Defendant.

//
//
//

*United States v. James T. McGuire* - Plea Agreement - 9

## Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Joseph H. Harrington
United States Attorney

_____    9-20-18
Patrick J. Cashman                                    Date
Assistant U.S. Attorney

*United States v. James T. McGuire* - Plea Agreement - 10

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

_____          9-20-18
James T. McGuire                            Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept the Defendant's plea of guilty.

_____          9/20/2018
Walter Ayers                                   Date
Attorney for the Defendant

United States v. James T. McGuire - Plea Agreement - 11