UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     v.<br><br>JAMES T. McGUIRE,<br><br>                    Defendant. | NO: 2:17-CR-0182-TOR-1<br><br>ORDER DENYING REQUEST TO AMEND JUDGMENT AND SENTENCING |

BEFORE THE COURT is Defendant's pro se Request to Amend Judgment and Sentencing. ECF No. 116. Because the Court does not have jurisdiction to grant the request, it is summarily denied.

## BACKGROUND

On November 17, 2017, Defendant appeared for his arraignment before the Court by way of a Writ of Habeas Corpus ad Prosequendum. ECF No. 22, 31. On September 20, 2018, Defendant entered a plea of guilty to Count 2 of the Indictment filed on October 17, 2017, charging him with Possession with the Intent to Distribute 50 Grams or More of Actual Methamphetamine, in violation of 21

ORDER DENYING REQUEST TO AMEND JUDGMENT AND SENTENCING ~ 1

U.S.C. § 841.  On February 14, 2019, Defendant was sentenced to prison for 120-months followed by a 5-year term of supervised release.  ECF No. 88.  The sentence was not specified as concurrent with any other sentences.  Earlier, Defendant had been sentenced to a 12-month and 1-day sentence in Chelan County Superior Court which he was effectively serving while appearing in federal court on the Writ of Habeas Corpus ad Prosequendum.  *See* ECF No. 82, PSIR at ¶ 78.  Additionally, at the time of his federal sentencing, there was an outstanding state warrant for his arrest from Douglas County Superior Court.  See ECF No. 82, PSIR at ¶ 86.

## DISCUSSION

Only the Bureau of Prisons has discretion to grant defendants credit for time served prior to the start of their federal sentences, and a criminal defendant may only challenge the Bureau's calculation of credits in a habeas corpus action based on 28 U.S.C. § 2241 after the exhaustion of administrative remedies.  *Zavala v. Ives*, 785 F.3d 367, 370 n.3 (9th Cir. 2015).

Title 18 U.S.C. § 3585 governs the calculation of the length of a federal criminal sentence.  Under the statute, a term of imprisonment begins "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."  18 U.S.C. § 3585(a).  The statute then

ORDER DENYING REQUEST TO AMEND JUDGMENT AND SENTENCING ~ 2

1    provides that the defendant is entitled to sentencing credit for time spent in

2    "official detention" prior to the commencement of the term of imprisonment:

3           Credit for prior custody.—A defendant shall be given credit toward
       the service of a term of imprisonment for any time he has spent in

4           official detention prior to the date the sentence commences—
          (1) as a result of the offense for which the sentence was imposed;

5              or
          (2) as a result of any other charge for which the defendant was

6              arrested after the commission of the offense for which the
          sentence was imposed;

7           that has not been credited against another sentence.

8    18 U.S.C. § 3585(b).  However, "§ 3585(b) does not authorize a district court to

9    compute the credit at sentencing." *United States v. Wilson*, 503 U.S. 329, 333-34

10    (1992); *accord United States v. Checchini*, 967 F.2d 348, 350 (9th Cir. 1992)

11    (sentencing court lacked jurisdiction to grant defendant the requested credit).  The

12    initial calculation must be made by the Attorney General acting through the Bureau

13    of Prisons.  *United States v. Lualemaga*, 280 F.3d 1260, 1265 (9th Cir. 2002).

14    Thus, a defendant must "exhaust his administrative remedies before he can petition

15    for judicial review of the Attorney General's denial (if any) of credit for time

16    served." *Checchini*, 967 F.2d at 350.  Defendant has not shown that he exhausted

17    his administrative remedies.

18           More significantly, this action is filed in the wrong district.  Generally, a

19    prisoner may challenge his sentence under 28 U.S.C. § 2255 in the sentencing

20    court.  But where a prisoner argues he is entitled to credit against his sentence for

ORDER DENYING REQUEST TO AMEND JUDGMENT AND SENTENCING ~ 3

time spent in custody prior to sentencing, he is challenging the execution of his

sentence rather than the sentence itself. *United States v. Giddings*, 740 F.2d 770,

772 (9th Cir. 1984). In such circumstances, the prisoner must petition for a writ of

habeas corpus under 28 U.S.C. § 2241. *Id.* The Supreme Court has held that a

writ under § 2241 must issue from the court with jurisdiction over the prisoner's

custodian. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494–

95 (1973).

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's pro se Request to Amend Judgment and Sentencing, ECF No.

116, is **DENIED** without prejudice to exhaustion of administrative remedies and

filing in the proper court, if need be.

The District Court Clerk is hereby directed to enter this Order and provide

copies to the parties.

DATED December 7, 2020.



THOMAS O. RICE
United States District Judge

ORDER DENYING REQUEST TO AMEND JUDGMENT AND SENTENCING ~ 4