FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 29, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>JAMES T. MCGUIRE,<br><br>　　　　　　　　Defendant. | NO. 2:17-CR-0182-TOR-1<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |

BEFORE THE COURT is Defendant's *Pro Se* Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(C)(1)(A) and the First Step Act of 2018. ECF No. 120. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendant's motion is denied.

## BACKGROUND

On September 20, 2018, James T. McGuire appeared before the Court and entered a plea of guilty to Count 2 of the Indictment filed on October 17, 2017, charging him with Possession with the Intent to Distribute 50 Grams or More of Actual Methamphetamine, in violation of 21 U.S.C. § 841. ECF Nos. 66, 71.

On February 14, 2019, this Court sentenced Defendant to 120 months imprisonment, followed by a 5-year term of supervised release, and $100.00 in a special penalty assessment. ECF No. 88.

Defendant has not shown that he submitted a request for sentence reduction to Bureau of Prisons. On October 30, 2024, Defendant filed the instant Motion for Compassionate Release. ECF No. 120. Defendant requests the Court to reduce his sentence to time served. *Id*. He explains that extraordinary and compelling reasons support such reduction, including his rehabilitation.

## DISCUSSION

### A. Eligibility for Compassionate Release

Federal courts have the statutory authority to modify an imposed term of imprisonment for two reasons: compassionate release under 18 U.S.C. § 3582(c)(1) or based on a change in the sentencing guidelines under 18 U.S.C. § 3582(c)(2). Until recently, motions for compassionate release could only be brought to the Court by the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2002). However, after the December 2018 passage of the First Step Act, defendants may now bring their own motions for compassionate release after exhausting administrative remedies within the Bureau of Prisons or by waiting 30 days after receipt of their request by the warden of defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A) (2018).

A defendant may be eligible for compassionate release: (1) if the Court finds "extraordinary or compelling reasons" to warrant a sentence reduction; or (2) if the defendant is at least 70 years old, has served at least 30 years in prison pursuant to a sentence imposed for the offense for which the defendant is currently imprisoned, and the defendant is determined not to pose a risk of danger to the community. 18 U.S.C. § 3582(c)(1)(A). Under either eligibility prong, the Court must also find that a sentence reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The statute and the Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. The Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act. 18 U.S.C. § 3582(c)(1)(A) (as to second prong only); U.S.S.G. § 1B1.13 (as to both the first and second prongs).

The Sentencing Commission has recently updated its policy statement on sentence reduction. U.S.S.G. Guidelines Manual, effective Nov. 1, 2023. The sentence reduction policy statement now outlines six categories of circumstances that may constitute "extraordinary and compelling reasons" for a sentence reduction: (1) Medical Circumstances of the Defendant; (2) Age of the Defendant;

(3) Family Circumstances of the Defendant: (4) Victim of Abuse; (5) Other Reasons; and (6) Unusually Long Sentence. U.S.S.G. § 1B1.13, eff. Nov. 1, 2023.

According to the Ninth Circuit in *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021), "district courts are empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise." *Id*. (agreeing with and quoting decisions of Second and Fourth Circuits).

### B. Exhaustion or Lapse of 30 days

Defendant has not shown that he exhausted his administrative remedies with the Bureau of Prisons, although he claims he has done so.

### C. Extraordinary and Compelling Reasons

Defendant, now age 46, argues that extraordinary and compelling reasons justify a reduction of his sentence to time served. Defendant contends that five "extraordinary and compelling" reasons warrant a sentence reduction: (1) drug weight, (2) drug purity, (3) actual guideline based on actual methamphetamine, (4) rehabilitation, and (5) sentencing disparities.

In this case, there are no extraordinary and compelling reasons, alone or in combination, for a reduction in sentence.

### D. Factors under 18 U.S.C. § 3553(a)

Defendant claims that he has demonstrated rehabilitation and poses little risk of recidivism. Rehabilitation is not alone an extraordinary and compelling

ORDER DENYING DEFENDANT'S
MOTION FOR COMPASSIONATE RELEASE ~ 4

circumstance for release. *See* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").

Defendant has an extensive criminal history including drugs.

18 U.S.C. § 3582(c) and the Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release. 18 U.S.C. § 3553(a) provides:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>  (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>  (B) to afford adequate deterrence to criminal conduct;
>  (C) to protect the public from further crimes of the defendant; and
>  (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for—
>  (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
>   (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>   (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
>  (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States

ORDER DENYING DEFENDANT'S
MOTION FOR COMPASSIONATE RELEASE ~ 5

    Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
 (5) any pertinent policy statement—
  (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
  (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
 (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
 (7) the need to provide restitution to any victims of the offense.

At the time of the original sentencing, the Court fully considered these factors. At sentencing, Defendant's total offense level was 27 and he had a criminal history category of VI. This directed an advisory guideline range of 130 to 162 months of imprisonment. Considering all the sentencing factors, the Court expressly indicated that a 120-month sentence was sufficient but not greater than necessary to comply with the purposes and goals of sentencing.

  Defendant contends that the drug weight, drug purity, and actual guideline based on actual methamphetamine warrant a reduction in sentence. The Court properly calculated the guidelines and sentenced Defendant below the recommended sentence. No error has been shown. Also, his argument about sentencing disparities does not warrant a reduction. The mandatory minimum

ORDER DENYING DEFENDANT'S
MOTION FOR COMPASSIONATE RELEASE ~ 6

sentence was imposed in this case based on the amount of methamphetamine.

Once again, the Court has fully considered these factors in light of the information Defendant recently provided. Of particular note is the nature and circumstances of the offense in this case. This was not a simple, one-time event, Defendant was involved in distributing methamphetamine over a long period of time. Defendant's extensive prior criminal history includes drug offenses and firearms offenses resulting in a criminal history category VI.

The Court is obligated to protect the public from defendant's serious and dangerous conduct. The sentence the Court imposed was "sufficient, but not greater than necessary," to comply with the purposes of § 3553(a), including to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense and to afford adequate deterrence to this criminal conduct. Even with recent developments, the sentence imposed remains sufficient but not greater than necessary to comply with the purposes of sentencing.

Defendant claims his good behavior rehabilitation support his request for a reduced sentence. Successful rehabilitative activities are commendable, but do not alone warrant early release. 28 U.S.C. § 994(t). Considering the totality of all the facts, compassionate release is unwarranted.

## CONCLUSION

The Court declines to exercise its discretion to reduce Defendant's sentence because extraordinary and compelling reasons do not warrant such a reduction.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's *Pro Se* Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(C)(1)(A) and the First Step Act of 2018, ECF No. 120, is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to the parties, including Defendant at Federal Medical Center, Rochester, MN.

**DATED** November 29, 2024.

THOMAS O. RICE
United States District Judge